**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Gerald YORK, Jr., Defendant–**
**Appellant.**

No. 12–30544
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 2013.

Helina S. Dayries, Assistant U.S. Attorney, John Lane Ewing, Jr., Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Baton Rouge, LA, for Plaintiff–Appellee.

James Stokes Holt, Esq., Holt Law Firm, Baton Rouge, LA, for Defendant–Appellant.

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Gerald York, Jr., appeals from his conviction and sentence for distributing cocaine and cocaine base. He argues that his guilty plea was involuntary due to his trial attorney's ineffective representation.

As a general rule, we decline to review claims of ineffective assistance of counsel on direct appeal. *See United States v. Cantwell,* 470 F.3d 1087, 1091 (5th Cir. 2006). A 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *See Massaro v. United States,* 538 U.S. 500, 503–04, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). This is not one of those "rare cases" where the record is sufficiently developed to allow consideration of the merits of counsel's performance. *See United States v. Mudekunye,* 646 F.3d 281, 288 (5th Cir.2011). Accordingly, we decline to consider York's ineffective assistance claim in this appeal without prejudice to his ability to raise the claim in a timely-filed § 2255 proceeding.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.